UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                  (

ONEWEST BANK, N.A.               (        Civil Action No. <u>15-CV-394-SJF-SIL</u>
          Plaintiff,      (
            v.           (
MICHAEL MARCHASSALLA; MARIA   (
MARCHASSALLA; CAPITAL ONE     (
BANK (USA) N.A.; PNC BANK,       (        AFFIRMATION IN OPPOSITION
NATIONAL ASSOCIATION,         (        TO MOTION FOR SUMMARY
SUCCESSOR BY MERGER TO       (        JUDGMENT, APPOINTMENT OF
NATIONAL CITY BANK; DARREN    (        REFEREE, AND FORECLOSURE
CUMMINGS; JOHN DOE (being fictitious (       JUDGMENT AND SALE
and unknown to Plaintiff, intended to be (
tenants, occupants, persons, or corporations (
having or claiming an interest in or lien   (
encumbering the property described in the (
Complaint or their heirs at law, distributes, (
executors, administrators, trustees,     (
guardians, assignees, creditors, or     (
successors.)                 (
         Defendants.     (
-------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, APPOINTMENT OF REFEREE, AND FORECLOSURE JUDGMENT AND SALE

---

Radow Law Group, P.C.
1010 Northern Blvd., Suite 304
Great Neck, New York 11021
Attorneys for Defs. Marchassalla

On Brief:    Raymond D. Radow

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................................4

ARGUMENT.........................................................................................................4

POINT I

      THE SUMMARY JUDGMENT STANDARD...............................................4

POINT II

      THE FAILURE TO AFFIRMATIVELY NEGOTIATE IN GOOD FAITH .........5

CONCLUSION........................................................................................................8

# TABLE OF AUTHORITIES

## CASES
page

*US Bank N.A. v. Sarmiento, 121 AD3d 187, 200 [2014]*.................................................7

*Niagara Mohawk Power Corp. v. Jones Chem, Inc.,* 315 F.3d 171, 175 (2d Cir. 2003).......4

*First Nat'l Bank of Highland v. J & J Milano, Inc.,* 160 AD2d 670 (2d Dept. 1990)...........5

*Curry v Mackenzie,* 239 N.Y. 267.................................................................5

*Gem Drywall Corp. v Scialdo & Sons,* 34 A.D.2d 1063, app dsmd 27 N.Y.2d 739............5

*Alside Aluminum Supply Co. v Berliner,* 32 A.D.2d 731............................................5

*Nassau Trust Co. v. Montrose, 56 NY 2d 175 – 1982*.............................................5

## STATUTES

FED. R. CIV. P. 56(a)...........................................................................4

CPLR § 3408(f) ................................................................................6

22 NYCRR §202.12-a (c)(4) ....................................................................6

4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, at n 53)....................................5

**Preliminary Statement:**

Summary Judgment is inappropriate as sufficient evidence has been presented to support each element of Defendants' assertions that a mutually agreeable resolution to the within matter can be reached if Plaintiff were to resume good faith negotiations with Defendants.

## ARGUMENT

### POINT I

### THE SUMMARY JUDGMENT STANDARD

Summary judgment is the appropriate remedy where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The evidence and the inferences drawn therefrom are viewed in a light most favorable to the non-moving party. *Niagara Mohawk Power Corp. v. Jones Chem, Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). In the instant matter ongoing negotiations resulted in an offer that was mutually beneficial and that defendants accepted in theory, but needed a minimal amount of additional time to execute. Plaintiff refused to give such additional time, to wit, seven months, until defendant, Michael Marchassalla, received his bonus as a Managing Director and Branch Manager of an investment bank, expected by February 2016. Instead, plaintiff chose to permit arrears to increase and to ultimately foreclose, rather than resolve the matter. More specifically, the subject loan that was, at origination in the year 2000, almost $1.6 million dollars and now over $2 million dollars including arrears, was used to finance the purchase of the subject premises, a home in Plandome Manor currently valued at approximately $3.6 million dollars. Whereas Defendant was willing to make $10,000.00 per month interest only payments in consideration of a forbearance allowing him to start, in February 2016, to make payments of the modified amount of approximately $20,375.00 per month, Plaintiff refused same despite the fact that these payments were to be made by Defendant with the stated objective of renovating the home for future sale and

full reimbursement of all monies owed. Whether this course of action chosen by Plaintiff constitutes bad faith relieving Defendants of the consequences of default is a question of fact that should not be determined on a motion for summary judgment. *First Nat'l Bank of Highland v. J & J Milano, Inc.,* 160 AD2d 670 (2d Dept. 1990). Moreover, when a plaintiff moves for summary judgment, it is proper for the court to look beyond the defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense (see *Curry v Mackenzie*, 239 N.Y. 267; *Gem Drywall Corp. v Scialdo & Sons*, 34 A.D.2d 1063, app dsmd 27 N.Y.2d 739; *Alside Aluminum Supply Co. v Berliner*, 32 A.D.2d 731; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, at n 53). Thus, a defense established by the papers, the question of whether plaintiff has acted in bad faith, is sufficient though unpleaded to warrant denial of a motion for summary judgment. *Nassau Trust Co. v. Montrose, 56 NY 2d 175 – 1982*.

## POINT II
## FAILURE TO SATISFY AFFIRMATIVE GOOD FAITH OBLIGATION

Viewing the evidence presented in the light most favorable to the Defendants, there is sufficient evidence to support their claim that Plaintiff failed to satisfy their affirmative obligation to negotiate in good faith under CPLR 3408 (f) and NYCRR 202.12. The Plaintiff has failed to satisfy the affirmative obligation above. Beginning in 2000, Defendants made regular payments on their original 7.375% adjustable rate 30 year mortgage until their default in 2009 due to financial hardship. Subsequent to the filing of the within action, counsel for the respective partiers entered into negotiations that culminated into a prospective plan to modify the subject loan, thus enabling defendants to become current and for the Plaintiff to become whole. It was made clear that Defendants would be in a financial position to make regular payments that, at a lower modified rate would be over $20,000.00 per month, could start in February of 2016, and that interest only

payments of $10,000.00 per month could made until that time in consideration for this short forbearance. This slight variation to Plaintiff's suggested resolution to the matter, which would have required payments to commence in August of 2015, was rejected. This was despite Defendant's stated goal of ultimately selling the house after value enhancing repairs could be made, making Plaintiff entirely whole.

Defendants' approach to settling the within case was mutually beneficial, and their only request was based on needing a minimal amount of additional time to execute. Notwithstanding, Plaintiff refused to give such additional time, to wit, seven months, until defendant, Michael Marchassalla, received his bonus as a Managing Director and Branch Manager of an investment bank, expected by February 2016. Rather, Plaintiff chose to permit arrears to increase and to ultimately foreclose, as opposed to resolving the matter in a manner that would not result in any prejudice to them or their right to foreclose. At origination in the year 2000, almost $1.6 million dollars was borrowed, and now over $2 million dollars including arrears is claimed owed. The home in Plandome Manor is currently valued at approximately $3.6 million dollars.

This course of action chosen by Plaintiff constitutes bad faith relieving Defendants of the consequences of default. (*See* Affidavit of MIchael Marchassalla and Maria Marchassalla annexed hereto at Exhibit "A".)

Plaintiff has denied Defendants' request even though sensible settlement options exist. Especially since the Marchassallas have since set aside significant savings and their financial situation has since significantly improved. Despite Plaintiff's denial, it is plain to see that based on this heightened monthly income, Defendants can certainly support an affordable modified mortgage payment.

Notwithstanding, the within arguments should be rendered moot if Defendant is considered, in earnest, for a sensible loan modification. CPLR § 3408(f) states that "Both the

plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including loan modification, if possible." Likewise, 22 NYCRR §202.12-a (c)(4) provides that:

*The parties shall engage in settlement discussions in good faith to reach a mutually agreeable resolution, including a loan modification if possible. The court shall ensure that each party fulfills its obligation to negotiate in good faith and shall see that conferences not be unduly delayed or subject to willful dilatory tactics so that the rights of both parties may be adjudicated in a timely manner."*

According to the court in <u>US Bank N.A. v. Sarmiento, 121 AD3d 187, 200 [2014]</u>: *[T]he issue of whether a party failed to negotiate in "good faith" within the meaning of CPLR 3408(f) should be determined by considering whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution.*

In fact, the *Sarmiento* court specifically rejected the Plaintiff's contention that:

*In order to establish a party's lack of good faith pursuant to CPLR 3408(f), there must be a showing of gross disregard of, or conscious or knowing indifference to, another's rights[, as such] a determination would permit a party to obfuscate, delay, and prevent CPLR 3408 settlement negotiations by acting negligently but just short of deliberately, e.g., by carelessly providing misinformation and contradictory responses to inquiries, and by losing documentation. Id.*

As is the case in the within matter, the court instead specifically concluded that:

*Where a plaintiff fails to expeditiously review submitted financial information, sends inconsistent and contradictory communications, and denies requests for a loan modification without adequate grounds...such conduct could constitute the failure to negotiate in good faith to reach a mutually agreeable resolution.*

If Defendants' aforementioned loan modification request is approved, Plaintiff will suffer

no prejudice, and all parties herein would benefit over the long term. Moreover, the within action will be made moot. Therefore, Summary Judgment, Appointment of a Referee, and Judgment of Foreclosure and Sale would be premature at this time, as, pursuant to CPLR §3408(f) and 22 NYCRR 202.12-A(c)(4), Plaintiff should first complete a full review taking into consideration the above requests and realities.

## CONCLUSION

Summary Judgment, Appointment of a Referee, and Judgment of Foreclosure and Sale would be premature at this time, as, pursuant to CPLR §3408(f) and 22 NYCRR 202.12-A(c)(4), Plaintiff should first complete a full review taking into consideration the above requests and realities, and if Defendants' aforementioned loan modification request is approved, Plaintiff will suffer no prejudice, and all parties herein would benefit over the long term. Moreover, the within action will be made moot.

Dated: Great Neck, NY
      November 23, 2015

Yours etc.,
/S/ Raymond D. Radow
RADOW LAW GROUP, P.C.
RAYMOND D. RADOW, ESQ.
(RR2855)
Attorneys for Defendants
1010 Northern Blvd., Suite 304
Great Neck, NY 11021
(516) 338-7800

TO:
GROSS POLOWY, LLC
Attorneys for Plaintiff
1775 Wehrle Drive, Ste. 100
Williamsville, New York 14221
Tel.: 716-204-1700



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ONEWEST BANK, N.A.

             Plaintiff,

          v.

MICHAEL MARCHASSALLA; MARIA
MARCHASSALLA; CAPITAL ONE
BANK (USA) N.A.; PNC BANK,
NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO
NATIONAL CITY BANK; DARREN
CUMMINGS; JOHN DOE (being fictitious
and unknown to Plaintiff, intended to be
tenants, occupants, persons, or corporations
having or claiming an interest in or lien
encumbering the property described in the
Complaint or their heirs at law, distributes,
executors, administrators, trustees,
guardians, assignees, creditors, or
successors.)

             Defendants.

-------------------------------------------------------------X

Civil Action No. 15-CV-394-SJF-SIL

AFFIDAVIT IN OPPOSITION
TO MOTION FOR SUMMARY
JUDGMENT, APPOINTMENT OF
REFEREE, AND FORECLOSURE
JUDGMENT AND SALE

STATE OF NEW YORK)
             )ss.:
COUNTY OF NASSAU)

MICHAEL MARCHASSALLA, being duly sworn, deposes and says:

1.  My wife, Maria Marchassalla and I are defendants in the above-captioned action and, as such, I am fully familiar with the facts and circumstances had herein.

2.  I submit this affidavit in opposition to Plaintiff's pending motion for summary judgment, appointment of a Referee, and foreclosure judgment and sale.

3.  On or about July 2000, we entered into the subject mortgage loan, secured by the subject premises, the real property located at 31 Elm Sea Lane, Plandome Manor, NY 11030.

4.  My family and I have since resided in the subject premises, and continue to do so through the present.

5.  I made each and every payment pursuant to the subject mortgage loan in a timely manner through on or about September 2009, when I fell behind as a result of significant financial

9

hardship. Specifically, I fell behind due to an unexpected decrease in income due to the downturn in the economy and my position as an Investment Banker.

6.  Fortunately, my financial situation has since significantly improved. I am making a regular salary and am expecting a bonus in excess of $500,000.00 net, by February 2016. Thankfully, I can now well afford Plaintiff's proposed settlement of capitalizing our arrears and paying over $20,000.00 per month in modified mortgage payments.

7.  I am told by my attorney that ongoing negotiations with Plaintiff bank resulted in this offer that appears to be mutually beneficial, and that we accepted in theory, but needed a minimal amount of additional time to execute. I have been informed that Plaintiff refused to give such additional time, to wit, seven months, until I receive my bonus as a Managing Director and Branch Manager of an investment bank, expected by February 2016. Instead, plaintiff chose to permit arrears to increase and to ultimately foreclose, rather than resolve the matter.

8.  At origination, the subject loan that was almost $1.6 million dollars and now I am informed that it is over $2 million dollars including arrears. These monies were used to finance the purchase of our home in Plandome Manor which I verily believe to be valued at approximately $3.6 million dollars based on an appraisal that I had done as well as comparable sales of neighboring homes. Whereas my wife and I were willing to make $10,000.00 per month interest only payments in consideration of a forbearance allowing us to start, in February 2016, to make payments of the modified amount of approximately $20,375.00 per month, Plaintiff refused same. I also communicated to my attorney that our long term goal, in the event we could not afford the home, was to renovate the home for future sale and full reimbursement of all monies owed.

9.  Based on my heightened monthly income, which is over $60,000.00 including my bonus, I can certainly support an affordable modified mortgage payment.

10. Notwithstanding, Plaintiff has denied my request even though sensible settlement options exist.

11. Therefore, I respectfully request that this honorable Court deny Plaintiff's instant motion as Plaintiff should first reconsider a review of my loan modification settlement counter-offer based on the above.

10

WHEREFORE, Michael Marchassalla, prays for an Order denying the Plaintiff's instant motion in its entirety, and for such other and further relief as may be proper.

Dated: Great Neck, NY
         November 23, 2015

_____
Michael Marchassalla

Sworn to before me
This 23 day of November 2015

_____
Notary Public

RAYMOND D. RADOW
Notary Public, State of New York
No. 02RA5016444
Qualified in Nassau County
Commission Expires August 16, 2018

## AFFIRMATION OF SERVICE

STATE OF NEW YORK)
               ss.:
COUNTY OF NASSAU)

Raymond Radow, Esq, affirms the following under penalty of perjury:

That affiant is not a party to the within action, is over 18 years of age, and resides in Nassau, New York. That on November 23, 2015 affiant served the within:

### AFFIRMATION IN OPPOSITION TO MOTION

Upon the following attorneys for the respective parties in this action, at their respective addresses designated by said attorneys for that purpose, by depositing same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.


TO:    GROSS POLOWY, LLC
        Attorneys for Plaintiff
        1775 Wehrle Drive, Ste. 100
        Williamsville, New York 14221
        Tel.: 716-204-1700

Raymond Radow, Esq

12



OR.'S0009643302

$0.485
US POSTAGE
FIRST-CLASS
FROM 11021
NOV 23 2015
stamps|.com

NOV 3 0 2015

Kathleen

RADOW
LAW
GROUP, P.C.

GROSS POLOWY, LLC
Attorneys for Plaintiff
1775 Wehrle Drive, Ste. 100
Williamsville NY 14221-7093