UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CIT Bank, N.A.  : CIVIL ACTION
*formerly known as* :
ONEWEST BANK, N.A., : Case No.: 2:15-cv-00394(SJF)(SIL)
 :
                    Plaintiff, :
 : **Oral argument is <u>not</u> requested**
v. :
 :
MICHAEL MARCHASSALLA; MARIA :
MARCHASSALLA; CAPITAL ONE BANK :
(USA) N.A.; PNC BANK, NATIONAL :
ASSOCIATION, SUCCESSOR BY MERGER :
TO NATIONAL CITY BANK; DARREN :
CUMMINGS; JOHN DOE (being fictitious and :
unknown to Plaintiff, intended to be tenants, :
occupants, persons, or corporations having or :
claiming an interest in or lien encumbering the :
property described in the Complaint or their :
heirs at law, distributes, executors, :
administrators, trustees, guardians, assignees, :
creditors, or successors.)
                    Defendants.
-----------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFAULT JUDGMENT

                                        GROSS POLOWY, LLC
                                        John J. Ricciardi, Esq. (JJR9160)
                                        900 Merchants Concourse, Suite 412
                                        Westbury, New York 11590
                                        Tel: (716) 204-1700
                                        Fax: (716) 204-1702
                                        *Attorneys for Plaintiff, CIT Bank, N.A. f/k/a*
                                        *OneWest Bank, N.A.*

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ............................................................................................................................... 4

    I.    PLAINTIFF HAS MET ITS BURDEN IN SEEKING SUMMARY
JUDGMENT IN THIS FORECLOSURE ACTION ....................................................... 1

    II.   CPLR § 3408 DOES NOT APPLY ................................................................................ 1

    III.  THE BORROWERS HAVE ABANDONED THEIR AFFIRMATIVE
DEFENSES ...................................................................................................................... 2

CONCLUSION ............................................................................................................................ 3

## TABLE OF AUTHORITIES

Page

**Statutes**

Fed. R. Civ. P. 16 .................................................................................................................2

Fed. R. Civ. P. 56 .................................................................................................................1

N.Y. CPLR § 3408 ...............................................................................................................2

**Cases**

*Eastern Savs. Bank, FSB v. Evancie*, No. 13-cv-00878 (ADS) (WDW), 2014 WL 1515643, at *4
(E.D.N.Y. Apr. 18, 2014) .....................................................................................................1

*Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363 (E.D.N.Y. 2012) ..........................2

*U.S. Bank Nat'l Assoc. v. Crutch*, No. 09-CV-998 (FB), 2010 U.S. Dist. LEXIS 75481, at *2
(E.D.N.Y. July 26, 2010) .....................................................................................................1

*Wells Fargo Bank, N.A., v. Van Dyke*, 101 A.D.3d 638 (1st Dep't. 2012 ...........................2

## PRELIMINARY STATEMENT

The Borrowers have attempted to muddy the waters in this garden variety foreclosure action by attempting to interject settlement negotiations which is both improper and baseless. A close look at the Borrower's opposition shows that the Borrowers have admitted all of the allegations that would entitle Plaintiff to summary judgment. The undisputed affidavits and documentary evidence provided by Plaintiff entitles Plaintiff to summary judgment as a matter of law.

## ARGUMENT

### I.  PLAINTIFF HAS MET ITS BURDENT IN SEEKING SUMMARY JUDGMENT IN THIS FORECLOSURE ACTION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a foreclosure action a plaintiff establishes its *prima facie* case as a matter of law "by presenting the note, mortgage, and proof of default...." *Eastern Savs. Bank, FSB v. Evancie*, No. 13-cv-00878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) (granting summary judgment in foreclosure action). There is no dispute by the Borrowers as to the existence of the Note, Mortgage, Notice of Default, and Affidavit of Plaintiff as evidence of Borrower's default in payment. In fact, the Borrowers' ***admit*** entering into the loan (Marchassalla Afd. ¶3) and defaulting in payment therein (Marchassalla Afd. ¶5). Based upon these admissions, the Plaintiff should be granted summary judgment as a matter of law.

The Borrowers cannot meet their burden in making an affirmative showing substantiating the affirmative defense in the Answer with evidentiary proof in admissible form sufficient to require a trial. *See U.S. Bank Nat'l Assoc. v. Crutch*, No. 09-CV-998 (FB), 2010 U.S. Dist. LEXIS 75481, at *2 (E.D.N.Y. July 26, 2010) (granting summary judgment in foreclosure action). One could argue that based upon the Borrower's admissions, it would be impossible for them to do so.

Therefore, based upon the lack of opposition and the Borrower's admissions, Plaintiff is entitled to summary judgment as a matter of law.

### II.  CPLR §3408 DOES NOT APPLY

1

The Borrowers mistakenly assert the argument that CPLR §3408 applies to the instant foreclosure action. CPLR §3408 does not apply in this action because Rule 16 addresses the issue of a pre-trial conference for the purpose of discussing settlement. *See Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 370 (E.D.N.Y. 2012); *see also* Fed. R. Civ. P. 16. "Fed. R. Civ. P. 16 is sufficiently broad to cover the issue of holding a conference for the purpose of facilitating settlement based on a review of CPLR § 3408 and Fed. R. Civ. P. 16." *Id.* In addition, the Court in *Kondaur* Capital went on to recite the multiple Rule 16 Conferences in which settlement was unsuccessfully discussed and the Court held, "it is unlikely a court-mandated settlement conference pursuant to C.P.L.R. §3408 would have any meaningful impact on settlement discussions between the parties at this point in the litigation." The situation here is identical to that of *Kondaur*. Here, there have been at least three (3) pre-trial conferences (June 10, 2015, July 17, 2015 and September 16, 2015), all of which discussed settlement, and those discussions did not lead to anything. The Borrowers have had ample opportunity to cure their default but have failed to do so.

Furthermore, even if CPLR §3408 were to apply, there is no requirement in CPLR §3408 to offer a settlement, reduce the principal balance or reduce the interest rate on the loan, and the failure of the Plaintiff to do so is not "bad faith". *See, Wells Fargo Bank, N.A., v. Van Dyke*, 101 A.D.3d 638 (1st Dep't. 2012). Therefore, even CPLR §3408 applies, the Plaintiff has negotiated in good faith as the offers by Plaintiff were rejected by the Borrowers.

### III.    THE BORROWERS HAVE ABANDONDED THEIR AFFIRMATIVE DEFENSES

The Borrowers have failed to address the remaining affirmative defenses. The Borrowers' Second Affirmative Defense alleged that the Plaintiff did not have standing. The Borrowers' Sixth Affirmative Defense alleged that the Plaintiff has "unclean hands". The Borrower's Eighth Affirmative Defense alleged in a blunderbuss fashion an alleged violation of multiple banking laws. None of these affirmative defenses were addressed in the Borrower's opposition papers and therefore Plaintiff's motion to strike these defenses is unopposed and should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting: (a) Summary Judgment in favor of Plaintiff in the same form as attached hereto; (b) Dismissal of the Answer of Defendants, Michael Marchassalla and Maria Marchassalla, with prejudice; (c) Permission to treat the Answer as a limited Notice of Appearance entitling the Defendants, Michael Marchassalla and Maria Marchassalla's Attorney, Raymond D. Radow, Esq., to receive, without prior notice, a copy of the Notice of Sale, Notice of Discontinuance, and Notice of Surplus Monies, if any; (d) Permission to treat the Notice of Appearance of Defendant Darren Cumming's Attorney, Michael F. Mongelli, II, Esq., to receive, without prior notice, a copy of the Notice of Sale, Notice of Discontinuance, and Notice of Surplus Monies, if any; (e) Default Judgment against Capital One Bank (USA) N.A. and PNC Bank, National Association, successor by merger to National City Bank in the same form as attached hereto; (f) Appointment of a Referee to effectuate a sale of the mortgaged property and to disburse the funds from such sale; (g) Judgment of Foreclosure and Sale in the same form as attached hereto; (h) Amendment to the caption to strike defendant "John Doe" and discontinuing the action as against same, without prejudice to any of the proceedings heretofore and herein; and (i) Such other and further relief this Court may deem just and proper.

Respectfully submitted,

December 1, 2015  
Williamsville, New York

GROSS POLOWY, LLC

By: John J. Ricciardi, Esq.  
*Attorneys for Plaintiff*  
1775 Wehrle Drive, Suite 100  
Williamsville, NY 14221  
Tel.: 716-204-1700  
Fax: 716-204-1702  
Jricciardi@grosspolowy.com  
JJR9160