FILED
CLERK
9/30/2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ONEWEST BANK, N.A.,

                Plaintiff,

  -against-

MICHAEL MARCHASSALLA; MARIA MARCHASSALLA; CAPITAL ONE BANK (USA) N.A.; PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO NATIONAL CITY BANK; DARREN CUMMINGS; JOHN DOE (being fictitious and unknown to Plaintiff, intended to be tenants, occupants, persons, or corporations having or claiming an interest in or lien encumbering the property described in the Complaint or their heirs at law, distributes, executors, administrators, trustees, guardians, assignees, creditors, or successors.)

                Defendants.
------------------------------------------------------------X

**OPINION AND ORDER**
15-CV-394 (SJF)(SIL)

FEUERSTEIN, District Judge:

On January 26, 2015, plaintiff OneWest Bank, N.A. ("Plaintiff"), invoking the Court's diversity jurisdiction, commenced this mortgage foreclosure action pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), seeking to foreclose a mortgage encumbering real property located at 31 Elm Sea Lane, Plandome Manor, New York 11030 (the "Property"), which is currently owned by defendants Michael Marchassalla ("Michael") and Maria Marchassalla ("Maria") (Michael and Maria together, the "Marchassallas"). (Dkt. 1). In addition to the Marchassallas, Plaintiff named Capital One Bank (USA) N.A. ("Capital One"), PNC Bank, National Association, successor by merger to National City Bank ("PNC"), and Darren Cummings as defendants, alleging that Capital One, PNC, and

Cummings hold junior liens or mortgages on the Property, which Plaintiff seeks to extinguish and thereby quiet title to the Property.[1]

On March 23, 2015, the Marchassallas filed an answer, raising ten (10) affirmative defenses. (Dkt. 15). During an initial conference before the undersigned on June 10, 2015, counsel for the Marchassallas withdrew seven (7) of those affirmative defenses. To date, neither Capital One nor PNC have appeared in this action, and Cummings has appeared through counsel but has not filed an answer. On June 29, 2015, the Clerk of the Court noted Capital One's and PNC's default, but denied Plaintiff's request for a certificate of default against Cummings in light of the fact that counsel had appeared on Cummings' behalf. (Dkt. 19).

Before the Court are (i) Plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 against the Marchassallas, and (ii) Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55 against Capital One and PNC. For the following reasons, the Court grants Plaintiff's motion for summary judgment against the Marchassallas and grants Plaintiff's motion for default judgment against Capital One and PNC.

## I. BACKGROUND [2]

### A. The Note and the Mortgage

On July 24, 2000, the Marchassallas obtained a loan from nonparty Bank of America, N.A. ("BoA") in the principal amount of $1,593,750.00. (Edwards Aff. ¶ 4, Ex. A; Marchassalla Aff. ¶¶ 3, 8). The Marchassallas executed a promissory note in favor of BoA, or any successor /

---

[1] Plaintiff withdrew its claims against the "John Doe" defendants in conjunction with its motion for summary judgment and default judgment. (Dkt. 28).

[2] The relevant facts are taken from party affidavits and attorney affirmations, and the exhibits thereto, and any disputes regarding the facts are noted. (*See generally* Affirmation of John J. Ricciardi, Esq., dated October 13, 2015 ("Ricciardi Aff.") (Dkt. 30); Affidavit of Caryn Edwards, dated October 1, 2015 ("Edwards Aff.") (Dkt. 31); Affidavit of Michael Marchassalla, dated November 23, 2015 ("Marchassalla Aff.") (Dkt. 33 at 10-12)).

assign of BoA, in the same amount (the "Note") and delivered the Note to BoA. (Edwards Aff. ¶ 4, Ex. A). The Note was secured by a mortgage on the Property (the "Mortgage"), which the Marchassallas executed and delivered, and which was recorded on August 7, 2000. (*Id.* ¶ 5, Ex. B). The Note was transferred several times, ultimately to Plaintiff, as evidenced by allonges to the Note. (*Id.*, Ex. A). On February 25, 2010, BoA assigned the Mortgage to Plaintiff. (*Id.* ¶ 6, Ex. C).[3]

### B. The Default

Beginning in September 2009, the Marchassallas failed to make the required monthly payments on their loan, thus defaulting under the terms of the Note and the Mortgage. (*Id.* ¶ 8; Marchassalla Aff. ¶ 5). On August 18, 2014, Plaintiff sent both Michael and Maria individual notices advising them that their loan had been in default for 1813 days, that they would need to pay a total of $716,186.31 to cure the default, and that Plaintiff may commence foreclosure proceedings if the matter was not resolved within 90 days. (Edwards Aff. ¶¶ 9-10, Ex. D, E). On August 19, 2014, Plaintiff filed the 90-day pre-foreclosure notice with the New York State Department of Financial Services. (*Id.* ¶ 11, Ex. F).

### C. Relevant Procedural History

On January 26, 2015, the Marchassallas having failed to cure the default, Plaintiff commenced this action claiming entitlement to a principal balance of $1,370,714.98 with interest accruing at a rate of 2.875% (period unspecified) from August 1, 2009 and seeking, *inter alia*, to foreclose on the Mortgage, appoint a referee to sell the Property at auction, and apply the proceeds of the sale to the amount Plaintiff is due under the terms of the Note. (Compl. ¶¶ 17-20). On March 23, 2015, the Marchassallas filed an answer, raising ten (10) affirmative

---

[3] The Note and Mortgage were transferred / assigned to One West Bank, FSB, which was Plaintiff's former name. (Edwards Aff. ¶ 1).

3

defenses. (Dkt. 15). During an initial conference before the undersigned on June 10, 2015, counsel for the Marchassallas withdrew seven (7) of those affirmative defenses; the affirmative defenses remaining after that conference were: (1) Plaintiff does not own both the Mortgage and the Note and thus lacks standing to bring this foreclosure action (Second Affirmative Defense); (2) Plaintiff comes to court with unclean hands (Sixth Affirmative Defense); and (3) Plaintiff failed to comply with a host of state and federal consumer / borrower / mortgagor protection laws, RPAPL provisions, and state court rules, including New York Civil Practice Law and Rules ("CPLR") § 3408 (Eighth Affirmative Defense).

During the initial conference on June 10, 2015, counsel for both Plaintiff and the Marchassallas expressed their clients' desire to settle this matter. The Marchassallas' attorney indicated that Michael's finances had suffered in the wake of the 2008-2009 financial crisis, but had since rebounded, with Michael expecting a sizable bonus in February 2016 that could be applied, in some manner, to resolving the dispute. (*See* Marchassalla Aff. ¶¶ 5-7).

During a conference before the undersigned on July 16, 2015, counsel for Plaintiff and the Marchassallas reported that the parties had been discussing loan modification options and requested more time to attempt to finalize a settlement. During a conference before the undersigned on September 16, 2015, counsel reported that the Marchassallas had rejected Plaintiff's recent settlement demand and that Plaintiff wished to proceed with a motion for summary judgment, which is now before the Court.

## II. DISCUSSION

### A. Summary Judgment

#### 1. Rule 56 Standard of Review

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(c)), and "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Belton v. City of New York*, 629 Fed. Appx. 50, 50 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A district court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotations omitted).

In order to defeat a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts… [She] must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita*, 475 U.S. at 586-87) (emphasis in original); *see also R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) ("opposing party must provide concrete particulars showing that a trial is needed") (internal quotations omitted). "It is not sufficient merely to assert a conclusion without supplying

supporting arguments or facts." *BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

### 2. Shifting Burden in Foreclosure Cases

" 'In a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case – with summary judgment appropriate if nothing else is shown – where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor.' " *Wells Fargo Bank, N.A. v. Ullah*, No. 13-cv-485, 2015 WL 3735230, at *4 (S.D.N.Y. June 15, 2015) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)); *see also Fleet Nat. Bank v. Olasov*, 16 A.D.3d 374, 374 (2d Dep't 2005) ("The plaintiff ... established its prima facie entitlement to judgment against the defendants ... by submitting the mortgage, the unpaid note, and evidence of the mortgagors' default.") (internal citations omitted).

Where a plaintiff establishes the existence of a mortgage, a note, and the defendant-mortgagor's default, " 'and the defendant does not contest those facts, a presumptive right to collect the overdue amount exists that can only be overcome by showing a meritorious affirmative defense.' " *CIT Bank, N.A. v. O'Sullivan*, 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016) (quoting *Bright*, 2012 WL 2674668, at *3).

### 3. Plaintiff is Entitled to Summary Judgment

#### a. *Prima Facie Case*

Plaintiff has made a *prima facie* case that it is entitled to a foreclosure judgment in its favor by offering documentary proof that: (1) the Marchassallas obtained a loan in the principal amount of $1,593,750.00 in July 2000 and executed the Note, promising to repay that amount plus interest; (2) the Note was secured by the Mortgage, which the Marchassallas also executed

and delivered; and (3) the Marchassallas stopped making their monthly payments on the mortgage loan in September 2009, thus defaulting under the terms of the Note and the Mortgage. (*See* Edwards Aff. ¶¶ 4-6, 8-10; Ex. A-F). The Marchassallas do not dispute these things. (*See* Marchassalla Aff. ¶¶ 3, 5). Accordingly, Plaintiff has made a *prima facie* case and is entitled to summary judgment in its favor unless the Marchassallas have a meritorious affirmative defense, which they do not.

        b.     *CPLR § 3408 Affirmative Defense*

In opposition to Plaintiff's motion, the Marchassallas argue only that Plaintiff failed to negotiate settlement in good faith in accordance with CPLR § 3408(f); they do not address any of Plaintiff's arguments regarding the lack of merit of their other affirmative defenses. (*See* Pl. Mem. at 8-13; Def. Opp. Mem. at 5-8). Accordingly, the Court deems the Marchassallas to have abandoned each of their affirmative defenses apart from their CPLR § 3408 affirmative defense. *See, e.g., Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 397 (S.D.N.Y. 2014) ("[Defendant] does not address the issue [of duress] in its response. It therefore appears that [defendant] has abandoned its duress defense."); *Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc.*, 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("As a result of defendants' failure to oppose plaintiffs' motion as to their defenses and counterclaims, the court finds that defendants' abandoned their affirmative defenses and counterclaims.").

CPLR § 3408(a) provides, in pertinent part, that "[i]n any residential foreclosure action …, the court shall hold a mandatory conference within sixty days after the date when proof of service is filed with the county clerk … for the purpose of holding settlement discussions pertaining to the relative rights and obligations of the parties under the mortgage loan

7

documents, including, but not limited to determining whether the parties can reach a mutually agreeable resolution to help the defendant avoid losing his or her home…" N.Y. C.P.L.R. 3408. § 3408(f) provides that, during this court-mandated settlement conference, "[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible." *Id.* at § 3408(f).

The Marchassallas argue that summary judgment is inappropriate because "there is sufficient evidence to support their claim that Plaintiff failed to satisfy their affirmative obligation to negotiate in good faith under CPLR 3408(f)…" (Def. Opp. Mem. at 5). Specifically, they argue that after Plaintiff filed this action the parties engaged in settlement negotiations "that culminated into [sic] a prospective plan to modify the subject loan" whereby the Marchassallas would begin paying approximately $20,000 per month "at a lower modified rate" beginning in February 2016, and that Plaintiff rejected that offer and demanded that such payments begin in August 2015. (*Id.* at 5-6). The Marchassallas argue that "Plaintiff['s] refus[al] to give such additional time, to wit, seven months" constituted bad faith in violation of CPLR § 3408. (*Id.* at 6).

As an initial matter, the Marchassallas' argument fails because CPLR § 3408 is displaced by Federal Rule of Civil Procedure 16 and thus does not apply to foreclosure actions filed in federal court. *See O'Sullivan*, 2016 WL 2732185, at *11 ("courts in this Circuit have held that … Rule 16 provides a sufficient alternative mechanism for facilitating settlement, rendering CPLR § 3408's mandatory settlement conference requirement inapplicable") (quoting *E. Sav. Bank, FSB v. Aufiero*, No. 14-cv-256, 2016 WL 1056998, at *9 (E.D.N.Y. Mar. 14, 2016)); *see also Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 370 (E.D.N.Y. 2012) ("Rule 16 is

8

sufficiently broad to cover the issue of holding a conference for the purpose of facilitating settlement").[4]

The requirements of CPLR § 3408, assuming they were applicable, were satisfied. Plaintiff and the Marchassallas engaged in settlement discussions for more than three (3) months between Plaintiff's initiation of this litigation the instant motion practice, including three (3) settlement conferences before the Court, on June 10, July 16, and September 16, 2015. *See O'Sullivan*, 2016 WL 2732185, at *11 ("In any event, the Court finds that CPLR § 3408 was clearly satisfied … by the multiple rounds of pre-trial settlement negotiations conducted at the direction of [the assigned magistrate judges]"); *Aufiero*, 2016 WL 1056998, at *9 ("In any event, the parties have already engaged in settlement discussions on multiple previous occasions to no avail, and the Court does not believe a further mandated conference would have a meaningful impact on the parties' ability to reach a settlement agreement."). Moreover, Plaintiff's demand that the Marchassallas begin making payments pursuant to modified loan terms in August 2015 rather than February 2016 as the Marchassallas had requested – after nearly six (6) years of continuous default – does not constitute a lack of good faith under CPLR § 3408. *See, e.g., Bank of America, Nat. Ass'n v. Lucido*, 114 A.D.3d 714, 715 (2d Dep't 2014) ("Neither the plaintiff's refusal to consider a reduction in principal, nor the plaintiffs [sic] delay in producing the pooling and servicing agreement ... for the subject mortgage, establish that the plaintiff failed to negotiate in good faith."); *Wells Fargo Bank, N.A. v. Van Dyke*, 101 A.D.3d 638, 638 (1st Dep't 2012) ("Nothing in CPLR 3408 requires plaintiff to make the exact offer desired by defendants, and plaintiff's failure to make that offer cannot be interpreted as a lack of good faith.").

---

[4] The Marchassallas similarly argue that Plaintiff violated section 202.12 of the Uniform Rules for New York State Trial Courts. Section 202.12 addresses preliminary conferences and is inapplicable in federal court for the same reasons that CPLR § 3408 is inapplicable.

In sum, Plaintiff has established its entitlement to a foreclosure judgment in its favor and Plaintiff's only remaining affirmative defense is without merit. Accordingly, Plaintiff's motion for summary judgment is granted and the Marchassalas' affirmative defenses are dismissed with prejudice.

### B. Default Judgment

Plaintiff also moves for default judgment against Capital One and PNC pursuant to Federal Rule of Civil Procedure 55. (*See* Pl. Mem. at 5-7). Following the Clerk's issuance of a certificate of default under Rule 55(a), a district court has discretion to enter a default judgment against a non-appearing party pursuant to Rule 55(b). *See, e.g., Shah v. New York State Dep't of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999). Courts in this Circuit consider three (3) factors when determining whether default judgment is warranted: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02-cv-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (internal citations omitted).

Each of these requirements are satisfied as to both Capital One and PNC. First, each was served with a summons and complaint in February 2015, notice of conferences before this Court, and notice of Plaintiff's instant motion, yet neither have appeared in this action. (Dkt. 9, 10, 20, 32). Thus, the willfulness requirement is satisfied. *See, e.g., O'Sullivan*, 2016 WL 2732185, at *10 ("when a defendant is continually and entirely unresponsive, the defendant's failure to respond is considered willful") (internal quotations, citations, and alterations omitted). Second, given their absence, the Court is not able to determine whether either Capital One or PNC have any meritorious defenses to Plaintiff's claims. Thus, the second requirement is met. *See id.*; *see*

*also Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-cv-46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012) (Report and Recommendation), *adopted* 2012 WL 832452 (E.D.N.Y. Mar. 12, 2012). Third, denial of Plaintiff's motion for default judgment against Capital One and PNC would prejudice Plaintiff because it would be unable to obtain a foreclosure judgment, and "there is no other method by which it can obtain relief from the Court." *See O'Sullivan*, 2016 WL 2732185, at *10 (quoting *Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-cv-4132, 2015 WL 1198603, at *6 (E.D.N.Y. Feb. 5, 2015). Accordingly, Plaintiff's motion for default judgment against Capital One and PNC pursuant to Federal Rule of Civil Procedure 55 is granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment against the Marchassallas is granted, and Plaintiff's motion for default judgment against Capital One and PNC is granted.

By no later than November 4, 2016, Plaintiff shall file a proposed judgment of foreclosure and sale consistent with this opinion and order. Defendant Cummings may file objections to such proposed judgment of foreclosure, if any, by no later than November 11, 2016.

**SO ORDERED.**

                                                *s/ Sandra J. Feuerstein*
                                                Sandra J. Feuerstein
                                                United States District Judge

Dated: September 30, 2016
       Central Islip, New York